UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
BRICKLAYERS INSURANCE AND WELFARE
FUND, BRICKLAYERS PENSION FUND,
BRICKLAYERS SUPPLEMENTAL ANNUITY
FUND, BRICKLAYERS AND TROWEL
TRADES INTERNATIONAL PENSION FUND,　　　COMPLAINT
NEW YORK CITY AND LONG ISLAND JOINT
APPRENTICESHIP AND TRAINING FUND,
INTERNATIONAL MASONRY INSTITUTE, and
JEREMIAH SULLIVAN, JR., in his fiduciary
capacity as Administrator and Chairman of
Trustees, BRICKLAYERS LOCAL 1,
INTERNATIONAL UNION OF BRICKLAYERS
AND ALLIED CRAFT WORKERS, and
BRICKLAYERS LABOR MANAGEMENT
COMMITTEE,

　　　　　　　　　　　Plaintiffs,

　　　　- against -

M&B CONSTRUCTION, INC. and
RICHARD MASCOLO,

　　　　　　　　　　　Defendants.
----------------------------------------x

　　　　Plaintiffs, by their attorneys, Doar Rieck Kaley & Mack, complaining of the Defendants, M&B Construction, Inc. ("M&B") and Richard Mascolo ("Mr. Mascolo"), allege as follows:

JURISDICTION AND VENUE

　　　　1.　　This is an action against M&B and Mr. Mascolo to enforce the provisions of Sections 515, 404 and 409 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1145, 1104 and 1109, for M&B's failure to make employee benefit fund contributions and for Mr. Mascolo's breaches of fiduciary duty, respectively. Subject matter jurisdiction is conferred pursuant to ERISA Sections 502(a)(2) and (3), and (g), 29 U.S.C. §§ 1132(a)(2) and (3), and (g).

2. As to Bricklayers Local 1, International Union of Bricklayers & Allied Craft Workers ("Local 1"), subject matter jurisdiction is conferred under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

3. As to the state court action against Mr. Mascolo for conversion, supplemental jurisdiction is conferred under 28 U.S.C. § 1367.

4. Supplemental jurisdiction is proper in this instance because Mr. Mascolo simultaneously embezzled benefit fund assets in violation of ERISA and employee dues monies in violation of state law from the same employees on whose behalf M&B failed to make contributions and remit dues. Accordingly, the state law actions arise from a common nucleus of operative fact as the Plaintiffs' federal claims, and are properly before the Eastern District.

5. The funds are administered in the Eastern District of New York. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## PARTIES

6. Plaintiffs, Bricklayers Insurance and Welfare Fund ("Welfare Fund") (of which the Vacation Fund is a part), Bricklayers Pension Fund ("Pension Fund"), Bricklayers Supplemental Annuity Fund ("Annuity Fund"), Bricklayers and Trowel Trades International Pension Fund ("IPF"), New York City and Long Island Joint Apprenticeship and Training Fund ("JATC"), and the International Masonry Institute ("IMI"), are each an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37), and a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

7. Jeremiah Sullivan ("Mr. Sullivan") is the Chairman of Trustees, unpaid Administrator and a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), of the Pension, Annuity and Welfare Funds and the JATC ("Local 1 Funds"). He is also a trustee of the IMI. The trustees of the Local 1 Funds have authorized Mr. Sullivan to bring this action on their behalf, as have the trustees of the IMI and IPF. As president of Local 1, Mr. Sullivan is also authorized to sue to collect wage assignments that have not been remitted by

employers to Local 1 and its parent, the International Union of Bricklayers & Allied Craft Workers ("I.U."). Mr. Sullivan is also a participant in and beneficiary of the Pension, Annuity and Welfare Funds, JATC, IPF, and IMI (collectively referred to as the "Funds").

8. Local 1 is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185.

9. The Labor Management Committee ("LMC") is established and maintained under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9).

10. M&B is, and at all times hereinafter mentioned was, an employer maintaining offices and conducting business in the State of New York.

11. Upon information and belief, Defendant Mr. Mascolo is the owner of M&B.

## BACKGROUND

12. M&B is party to a collective bargaining agreement with Local 1 covering bricklayers ("CBA"). Under the CBA, M&B agreed to make contributions at specified rates per hour worked to pay for the cost of: (1) pension benefits provided by the Pension Fund, Annuity Fund and IPF; (2) medical benefits provided by the Welfare Fund; and (3) training provided by the JATC and IMI.

13. Under the CBA, M&B is further obligated to transmit after-tax deductions from employee wages to the Vacation Fund, which is a component of the Welfare Fund and covered by ERISA, at a specified rate per hour.

14. The CBA also requires M&B to transmit after-tax hourly deductions from employee wages to the Funds for dues owed to Local 1 and the I.U.

15. M&B failed to make benefit contributions due and owing to the Funds, and wage deductions and contributions due and owing to Local 1 and the LMC, respectively, for hours worked by Local 1 bricklayers during the period of January 1, 2010 through December 31, 2013, as determined by multiple audits of M&B's books and records.

## UNPAID CONTRIBUTIONS UNDER
## ERISA SECTIONS 1145 & 1132 and LMRA SECTION 301 – M&B

16. Plaintiffs Mr. Sullivan, Local 1 and the Funds re-allege paragraphs 1 through 15 as if fully set forth herein.

17. M&B owes the Funds $22,557.04 in unpaid contributions for hours worked by Local 1 bricklayers between January 1, 2010 and December 31, 2013, and Plaintiffs further seek any and all unpaid contributions that should accrue during the pendency of this litigation, including any amounts found due and owing in connection with an updated audit of Defendants' books and records.

18. Under the CBA and the applicable plan documents for the Funds, liquidated damages of 20% are owed on the unpaid contributions described above in paragraph 17 plus interest at the rate of 10% per annum.

## UNREMITTED DUES CHECKOFFS AND UNPAID CONTRIBUTIONS UNDER
## LMRA SECTION 301 – M&B

19. Plaintiffs Local 1 and the LMC re-allege paragraphs 1 through 18 as if fully set forth herein.

20. M&B owes Local 1 and the LMC $2,957.74 in unremitted dues checkoffs and unpaid contributions for hours worked by Local 1 bricklayers between January 1, 2010 and December 31, 2013, and Plaintiffs further seek any and all unremitted dues checkoffs and unpaid contributions that should accrue during the pendency of this litigation, including any amounts found due and owing in connection with an updated audit of Defendants' books and records.

21. Interest of 10% per annum is due from M&B under the CBA on the amount described above in paragraph 20.

## FIDUCIARY BREACHES UNDER ERISA SECTION 409 – MR. MASCOLO

A. <u>The Welfare Fund's Vacation Fund Component</u>

22. Plaintiffs Mr. Sullivan and the Welfare Fund re-allege paragraphs 1 through 21 as if fully set forth herein.

23. The Welfare Fund includes a Vacation Fund component that provides vacation benefits to bricklayer participants. The participants pay for the Vacation Fund benefits by having after-tax monies deducted directly from their wages by their employer. The employers are obligated to remit the Vacation Fund deductions to the Welfare Fund on a weekly basis.

24. Mr. Mascolo directed that $3,431.25 in Vacation Fund deductions be taken from the wages of Local 1 members for hours worked by Local 1 bricklayers between January 1, 2010 and December 31, 2013.

25. Employee contributions to the Vacation Fund component of the Welfare Fund are "plan assets" of an ERISA employee welfare fund under 29 C. F. R. § 2510.3-102(a). However, Mr. Mascolo failed to segregate the Vacation Fund deductions and remit them to the Welfare Fund and instead, upon information and belief, Mr. Mascolo commingled them with M&B's general assets and used these Vacation Fund assets to pay corporate expenses and creditors. By exercising control over the disposition of the wage deductions that constituted employee contributions to the Vacation Fund, Mr. Mascolo acted as a fiduciary of the Welfare Fund assets within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

26. By misappropriating the Vacation Fund deductions for use by M&B, Mr. Mascolo committed a series of breaches of fiduciary duty under Section 404 of ERISA, 29 U.S.C. § 1104, and thereby rendered himself personally liable under Section 409 of ERISA, 29 U.S.C. § 1109, for the $3,431.25 in Vacation Fund deductions taken from the wages of Local 1 members during the relevant time period herein and for any losses resulting from these breaches.

B. The International Pension Fund

27. Plaintiffs Mr. Sullivan and the IPF re-allege paragraphs 1 through 26 as if fully set forth herein.

28. Section 4.1 (a) of the Agreement and Declaration of Trust of the IPF provides that "Title to all monies paid into and/or due and owing the Trust Fund shall be vested in and remain exclusively in the Trustees of the Fund."

29. Mr. Mascolo manages the day-to-day activities and payrolls of M&B and determines if and when to make contributions to the IPF on behalf of M&B bricklayers and is therefore a fiduciary of the IPF within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

30. Mr. Mascolo failed to make $1,557.79 in contributions to the IPF for hours worked by Local 1 bricklayers between January 1, 2010 and December 31, 2013.

31. By paying creditors and other corporate expenses of M&B prior to making due and owing contributions to the IPF, Mr. Mascolo exercised control over the disposition of the IPF assets and so committed a series of breaches of fiduciary duty under Section 404 of ERISA, 29 U.S.C. § 1104, and thereby rendered himself personally liable under Section 409 of ERISA, 29 U.S.C. § 1109, for $1,557.79 in IPF contributions and for any losses resulting from these breaches.

## STATE LAW CONVERSION – MR. MASCOLO

32. Plaintiff Local 1 re-alleges paragraphs 1 through 31 as if fully set forth herein.

33. Mr. Mascolo directed that $2,820.49 in dues deductions be taken from the paychecks of Local 1 members for hours worked by Local 1 bricklayers between January 1, 2010 and December 31, 2013. The dues deductions taken from the paychecks of Local 1 members were the property of said bricklayers and should have been segregated from the assets of defendants. Mr. Mascolo, however, failed to segregate the dues deductions and remit them to Local 1. Instead, upon information and belief, Mr. Mascolo commingled them with M&B's general assets and used these Local 1 assets to pay corporate expenses and creditors.

34. As a result, Mr. Mascolo unlawfully converted these monies and is therefore personally liable to make Local 1 whole for the $2,820.49 in unremitted dues checkoffs.

## INJUNCTIVE RELIEF UNDER ERISA SECTION 1132 – M&B

35. Plaintiffs Mr. Sullivan, Local 1, the LMC and the Funds re-allege paragraphs 1 through 34 as if fully set forth herein.

36. Pursuant to the terms and conditions of the CBA and the plan documents of the Funds, M&B is required, inter alia, to file certain employer contribution reports with Plaintiff Funds. It is further required to permit and cooperate with Plaintiff Funds in the conduct of audits of Defendants' books and records including, but not limited to, payroll, payroll ledgers, computer payroll printouts, W-2 forms, quarterly federal payroll tax returns (forms WRS-2 and WRS-30), annual federal tax returns, cash disbursements journals, purchase journals, 1099 forms, New York and New Jersey employment records, insurance company reports, supporting checks, ledgers, vouchers and any and all other items concerning payroll. This production includes any certified payrolls of M&B and of any subcontractors it retained, and copies of all contracts between M&B and any subcontractors it retained to perform work on Local 1 projects. These requirements are for the purpose of ascertaining the amount of fringe benefits contributions owed to the Funds, contributions owed to the LMC, and dues owed to Local 1 from M&B, and of verifying the accuracy of the employer contribution reports, if filed. Upon information and belief, M&B failed to cooperate in the conduct of audits of its books and records.

37. In an action to enforce Section 515 of ERISA, 29 U.S.C. § 1145, a court may award, in addition to certain categories of monetary damages, such other legal or equitable relief as the court deems appropriate. That relief may include an injunction directing that M&B cooperate in the conduct of an audit of its books and records. Under the CBA, Plaintiffs are entitled to an audit in connection with M&B's obligation to make contributions and remit dues, and would suffer irreparable harm if M&B were permitted to evade its obligation to submit to an audit because there is no other mechanism which can accurately determine the full amount owed by the CBA signatories. This injury would lack an adequate remedy at law, since the full extent of the damages sought would remain unknown, causing further irreparable harm.

38. Accordingly, pursuant to the terms and conditions of the CBA, Plaintiffs demand an order requiring M&B to permit and to cooperate with Plaintiffs in the conduct of an audit of its books and records for the payroll periods of the weeks beginning with the end period of its most recent audit and continuing through the present time and to pay any delinquencies shown to be due as a result of such audit.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs Mr. Sullivan, Local 1 and the Funds demand Judgment against M&B under ERISA and the LMRA as follows:

1.  a. For unpaid contributions owed to the plaintiff Funds, in the amount of $22,557.04, as well as unpaid contributions that should accrue during the pendency of this litigation, including any amounts found due and owing in connection with an updated audit of Defendants' books and records (ERISA Section 502(g)(2)(A));

    b. For interest assessed on unpaid contributions at the per annum rate of 10% to be determined at a later date (ERISA Section 502(g)(2)(B));

    c. For 20% liquidated damages assessed on unpaid contributions owed to plaintiff Funds (ERISA Section 502(g)(2)(C)(ii));

    d. For the costs of filing this action in the amount of $400 (ERISA Section 502(g)(2)(D));

    e. For attorneys' fees and costs of this action (ERISA Section 502(g)(2)(D)).

2.  Such other legal or equitable relief as this Court deems appropriate, including an order that M&B be directed to cooperate in the conduct of an audit of M&B's books and records pursuant to paragraphs 36 through 38 above (ERISA Section 502(g)(2)(E)).

WHEREFORE, Plaintiffs Mr. Sullivan, the Welfare Fund and IPF demand Judgment against Mr. Mascolo for breaches of fiduciary duty under Section 409 of ERISA, 29 U.S.C. § 1109 in the amount of $4,989.04, and for any losses resulting from each such breach, as well as such other equitable or remedial relief as the Court may deem appropriate, including an

order to restore to the Funds any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary.

WHEREFORE, Plaintiffs Local 1 and the LMC demand Judgment against M&B under the LMRA as follows:

1. For unremitted dues owed Local 1 and unpaid contributions owed the LMC in the amount of $2,957.74, as well as unremitted dues checkoffs and unpaid contributions that should accrue during the pendency of this litigation, including any amounts found due and owing in connection with an updated audit of Defendants' books and records.

2. For interest assessed on delinquent dues checkoffs and contributions owed Local 1 and the LMC at the per annum rate of 10% to be determined at a later date.

WHEREFORE, Plaintiff Local 1 demands judgment against Mr. Mascolo under state law for conversion of dues deductions in the amount of $2,820.49.

Dated: New York, New York
December 20, 2019

DOAR RIECK KALEY & MACK

By: *[signature]*
Michael R. Minnefor, Esq.
217 Broadway, Suite 707
New York, New York 10007
(212) 619-3730
*Attorneys for Plaintiffs*